**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CALIFORNIA RADOMES, INC.; et al., | No. 12-73702 |
| Petitioners - Appellants, | Tax Ct. Nos. 6182-10 |
| | 6178-10 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from a Decision of the
Tax Court

Submitted January 12, 2015[**]
San Francisco, California

Before: WALLACE, M. SMITH, and FRIEDLAND, Circuit Judges.

Gary Garcia and California Radomes, Inc. (CRI) appeal from the Tax

Court's imposition of penalties under Internal Review Code (IRC) § 6663(a) for

fraudulent intent to make substantial underpayments of income tax in the years

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

2005, 2006, and 2007. We have jurisdiction pursuant to 26 U.S.C. § 7482(a)(1), and we affirm.

Garcia and CRI argue that the Tax Court clearly erred in determining that petitioners made underpayments with fraudulent intent, because their failure to disclose corporate holding account information and transfers made to Garcia from CRI were honest mistakes.

Under IRC § 6663(a), a taxpayer is liable for a penalty equal to 75 percent of a tax underpayment when the underpayment is made with fraudulent intent. Fraudulent intent can be determined by circumstantial evidence of fraud based on certain indicia or "badges" of fraudulent intent. *Bradford v. Comm'r*, 796 F.2d 303, 307 (9th Cir. 1986). Such badges may include implausible or inconsistent explanations of behavior, inadequate records, concealing assets, and failure to cooperate with tax authorities. *Edelson v. Comm'r*, 829 F.2d 828, 832 (9th Cir. 1987). The Tax Court identified several badges of fraud in the record to support a finding of fraudulent intent, and, as we review its decision for clear error, we are not "left with the definite and firm conviction that a mistake has been committed." *See Sparkman v. Comm'r*, 509 F.3d 1149, 1155 (9th Cir. 2007) (internal quotation marks omitted).

Petitioners argue that their failure to report transfers made between Garcia and CRI were honest mistakes, and that they relied on their accountant in good faith to file taxes properly. To the contrary, petitioners did not disclose the holding account information to their accountant or to the IRS during the audit, and CRI's "loan to shareholder account" records were inconsistent with transfers involving the holding account. It is true that CRI's employee, Ms. Simon, testified at trial that she gave the holding account statements to Ostrem, the accountant, for the tax returns when he inquired whether such an account existed. However, the Tax Court found Ostrem's conflicting testimony more credible.

Further, Garcia told the IRS agent that CRI's payments on his home mortgage from the holding account were a company investment in real estate. His explanation is inconsistent with mortgage deductions claimed on his personal tax returns, and there was no evidence presented that CRI owned the home.

In light of this evidence, the Tax Court did not clearly err in finding that Garcia and CRI made substantial tax underpayments with fraudulent intent in 2005, 2006, and 2007.

**AFFIRMED.**